## WILLARD *vs.* TILLMAN.

Where a lease was executed of three rooms in a building and of a landing on a navigable canal embraeing a front of 200 feet, and the lessee covenanted to pay a certain annual rent so long as he should be permitted to occupy the premises, IT WAS HELD that the destruction of the rooms by fire was not em-braced within the qualification contained in the covenant; and at all events, to entitle the defendant to a discharge from the rent, he should have shown a surrender of the residue of the demised premises; that whilst he remained in possession of any part of the premises, he could claim only a pro rata abatement of the rent.

In an action of covenant for the non-payment of rent by an assignee against the lessee, a plea of payment to the lessor, to the assignees and owners, is not a good answer to the declaration.

ERROR from the Cayuga common pleas. Willard sued Tillman in an action of covenant for the non-payment of rent, and declared upon an instrument made by Tillman, on the 22d November, 1833, whereby in consideration of a lease executed to him by one Stewart B. Kendrick, of three rooms in a building owned by one Myron C. Reed, and of a piece of land extending from the canal to the south bounds of Reed's land, 200 feet on the canal from east to west, for a term commencing 15th December, 1833, and ending 1st May, 1837, the defendant covenanted to pay $90 per year, payable quarterly, so long as he should be permitted to occupy the premises. The plaintiff then averred that on the 28th April, 1834, he, by sundry mesne assignments, became the assignee of the covenant; that the defendant was permitted to occupy the premises from the 15th December, 1833, until 15th June, 1835; that after the assignment to him the plaintiff, to wit, on the 15th June, 1835, three quarters rent had become due and remained unpaid. The defendant craved oyer of the covenant and of the lease therein referred to, and pleaded, 1. non est factum; 2. that he paid to Stewart B. Kendrick and to the assigns and owners of the covenant the sum of $90 per year, quarterly so long as he was permitted to occupy the premises; 3. that by virtue of the lease, he entered into possession of the premises, and occupied the same until 15th September, 1834, on which day,

the whole of the building of which the demised rooms were a part, was destroyed by fire, originating in a portion of the building occupied by Stewart B. Kendrick, and that the fire happened by the *carelessness* and *negligence* of Kendrick. He averred that the only benefit of the lease to him was the occupancy of the rooms, and that in consequence of such careless and negligent conduct of Kendrick causing the destruction of the building, he, (the defendant,) was not from thence forward permitted to occupy the demised premises from the 15th September, 1834, until 15th June, 1835; and that up to the day of the happening of the fire, he had paid to the *plaintiff* all such sums of money as had accrued by virtue of the covenant. There was a *fourth* plea substantially like the third. To the three special pleas, the plaintiff demurred, and the defendant joined in demurrer. The common pleas [adjudged the pleas to be good and gave judgment for the defendant. Whereupon the plaintiff sued out a writ of error. The cause was submitted on written arguments by

*J. Porter,* for the plaintiff.

*G. Rathbcn,* for the defendant.

*By the Court,* NELSON, Ch. J. The *first* special plea, I am of opinion, is defective. The declaration set forth an assignment of the lease to the plaintiff, and notice thereof to the lessee, and then averred the non-payment to him of the rent for three quarters, which subsequently accrued, and fell due 15th December, 1834, and on the fifteenth days of March and June, 1835, specifying the amount. There is a clause in the covenant limiting the payment of the rent as follows: " So long as I shall be permitted to occupy the premises described in said lease in the manner therein set forth." The declaration averred that the defendant was permitted to occupy the premises in the manner specified, during the time the rent accrued, which was sought to be recovered. Now, the only answer to this claim for rent after craving oyer of the lease, &c. is, that the defendant did pay the lessor and the assigns and owners

of the covenant the sum of $90 per year (the yearly rent) quarterly, so long as he was permitted to occupy the premises in the manner set forth in the lease. If the plaintiff shows title in himself *as assignee* to the rent, the non-payment of which constitutes the breach, and which is not disputed it is difficult to understand how payment to the *lessor* can discharge it; and yet the plea stands upon this view of the law; for if issue had been taken upon it, proof of payment of part if not the whole of the three quarters rent to the *lessor* must have sustained it. Again: the pleader seeks to put in issue argumentatively, or by implication, a fact which according to the stipulations in the lease, would exonerate the defendant from the payment of the rent, namely, the non-permission to occupy the premises. Now, the permission to occupy during the time the rent accrued was expressly averred in the declaration: and if the pleader intended to put the fact in issue, the averment should have been directly and explicitly met. The plea could scarcely have been drawn more evasively or unlawyer like: it does not meet with certainty a single material allegation in the declaration. So general are its terms that proof of payment of the rent either to the *lessor*, to the *first assignee*, or to the *plaintiff*, or proof of non-permission to occupy the premises, might have been given in support of it in bar of the action. It is grossly defective both in substance and form.

The *second* and *third* special pleas set up the *destruction by fire* of the rooms rented in bar of the covenant, and assume that the qualification contained therein distinguishes the case from the application of the general rule, that continues the tenant's liability notwithstanding this casualty. 3 Johns. R. 44. 4 Paige, 355. It is averred in those pleas that the fire originated through the negligence of the *lessor;* but I do not regard it, as the *plaintiff* is not responsible for the negligence of the lessor.

Were we, however, to concede this to be the correct view of the terms of the lease, which is the most favorable view for the defendant, though I think it is not the true construction, still the pleas fall short of the full defence which

they profess to set up. For aught that appears the defendant is still in the possession and occupation of some portion of the premises; for independently of the three rooms destroyed, he occupied a piece of land extending 200 feet upon the canal, of the value of which we know nothing, but we must presume it worth something. Clearly, until he chooses to rescind the agreement and surrender the residue of the premises, he cannot claim to be exonerated from more than a *pro rata abatement* of the rent. 4 Paige, 355. Until then he continues liable for an amount which will bear to the entire rent, a proportion, which the value of the use of the remaining premises bears to the whole at the rent of $90 per annum. 15 Wendell, 469. For these reasons I am of opinion that the court below erred, and that the judgment must be reversed.

Judgment reversed.